# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GARY HARRIS,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:13-cr-00139-JAD-PAL<br><br>ORDER<br><br>(Mtn for Subpoena – Dkt. #40) |

This matter is before the court on Defendant Gary Harris' Emergency Sealed Ex Parte Motion for a Court Order for a Subpoena (Dkt. #40) filed September 4, 2014 at 3:59 pm.

Harris seeks an order requiring the Clerk of Court to issue a subpoena duces tecum to the custodian of records for Las Vegas Metropolitan Police ("LVMPD") for photographs under an LVMPD event number identified on the proposed subpoena, attached to Harris' Motion as Exhibit D.

It was filed as an emergency motion because an evidentiary hearing on Harris' Motion to Suppress is set for September 8, 2014. Defense counsel served a subpoena duces tecum on Detective Starkes requesting that he bring all police reports and photographs from the event number to the hearing. However, a representative of LVMPD called the Federal Public Defender's office and advised that Detective Starkes would not bring the photographs and the department would require a separate subpoena for them. The evidentiary hearing in this case was originally set for August 12, 2014, and has been continued twice by stipulation of counsel. The motion is an "emergency" only because counsel did not attempt to serve a subpoena for these photographs until September 2, 2014.

/ / /

Additionally, little justification exists for filing this motion ex parte under seal. Counsel for Harris has requested these photographs from government counsel beginning August 19, 2014, a week after the initial evidentiary hearing was scheduled, and the Motion does not disclose any mental impressions or defense strategy.

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal proceedings. Rule 17(c) establishes the process by which federal courts can issue subpoenas duces tecum for the production of evidence before trial and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena duces tecum be made returnable **before** trial. However, Rule 17 is not a discovery device. *United States v. Nixon,* 418 U.S. 683, 689 (1974), *superceded by statute on other grounds,* Fed. R. Evid. 104(a); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F. Supp. 2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16"); *United States v. Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D. D.C. 1954) ("to construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations"). Rule 17(c) may, however, be used to obtain evidentiary materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20 (1951).

Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report at some time or place other than either a trial or hearing to be held at which he is to testify. Its purpose is to permit the issuance of subpoenas only to compel attendance at hearings conducted by the court and trial. *See United States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995), *cert. denied*,

516 U.S. 902 (prosecutor improperly secured attendance of witness at pretrial interview by subpoena); *United States v. Keen*, 509 F.2d 1273 (6th Cir. 1975) (government's use of subpoenas to compel witnesses to attend pretrial interview miles from place of trial at a proceeding not authorized by court was improper); *United States v. Stirone*, 168 F. Supp. 490 (D. Pa. 1957), *aff'd*, 262 F.2d 571 (3rd Cir. 1958), *rev'd on other grounds*, 361 U.S. 212 (1960) (improper for government to issue subpoenas compelling witnesses to appear at U.S. Attorney's Office in federal courthouse to ensure keeping of proper records).

Leave of court is required for a pretrial subpoena duces tecum. *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997). A number of courts have held that the court has discretion to require production of documents by subpoena duces tecum prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v. Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has stated:

> Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

*Nixon*, 418 U.S. at 702.

The burden is on the party seeking production to show good cause for the production before trial. In *United States v. Iozia*, the district court formulated a standard for establishing good cause for production prior to trial requiring a showing:

1. That the documents are evidentiary and relevant;
2. That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;
3. That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and
4. That the application is made in good faith and is not intended as a general fishing expedition.

///

13 F.R.D. 335, 338 (D.C.N.Y. 1952).  Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production.  *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Stein*, 488 F. Supp. 2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F. Supp. 1214 (D.C.N.Y. 1985).

Harris' Motion for a subpoena duces tecum does not articulate why the materials described in the proposed subpoenas are evidentiary and relevant.  However, based on the issues raised in Harris' Motion to Suppress, the court will grant in part and deny in part the Motion.  The request to direct the custodian to produce the photographs and reports on September 8, 2014, at the evidentiary hearing "*or as directed by counsel*" is denied.  *See* Exhibit D to Motion (emphasis added).  Rule 17(c)(1) does not authorize issuance of a subpoena duces tecum requiring pretrial production of documents to any place other than the hearing.  The custodian shall bring the materials to the evidentiary hearing.

Additionally, the proposed subpoena requires a non-party to produce the items specified on very short notice.  The court has no idea whether compliance on such short notice would be unreasonable or oppressive.  Rule 17(c)(2) authorizes witnesses to whom subpoenas are directed to file a motion to quash or modify the subpoenas "promptly" "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).  The court will address any such claim by LVMPD at the evidentiary hearing, allowing LVMPD or its counsel a reasonable opportunity to be heard.

The court will direct issuance of a subpoena duces tecum, as modified by this Order, directing the custodian of records for LVMPD to produce the records at the evidentiary hearing on September 8, 2014, at 9:30 a.m.  Harris' request to have responsive materials produced "as directed by counsel" is denied.

Accordingly,

**IT IS ORDERED** that Harris' Motion for Subpoenas Duces Tecum (Dkt. #40) is GRANTED IN PART AND DENIED IN PART as follows:

1. Harris' request for a pretrial subpoena duces tecum compelling the custodian of records for LVMPD to bring the photographs from event #130329-5301 to the

1         evidentiary hearing on September 8, 2014, at 9:30 a.m. is GRANTED, without

2         prejudice to LVMPD's opportunity to move to quash or modify pursuant to Fed.

3         R. Cr. P. 17(c)(2).

4    2.    The Clerk of Court shall issue a subpoena to:

            Custodian of Records
            Las Vegas Metropolitan Police
            400 S. Martin Luther King Blvd., Building C
            Las Vegas, NV 89106

        The custodian of records shall produce all photographs from event #130329-5301 and all photographs from the execution of the search warrant in Mr. Harris' case. The custodian shall bring the photographs to the evidentiary hearing scheduled for September 8, 2014, at 9:30 a.m., in the Lloyd D. George United States Courthouse, Courtroom 3B.

   2    Counsel for Harris shall serve the subpoena duces tecum on the custodian of records for LVMPD, along with a copy of this Order.

   3.    Harris' request that any responsive materials be produce "as directed by counsel" is DENIED.

Dated this 5th day of September, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE